H. THOMPSON *vs.* J. MONTGOMERY *et al,* Inspectors of Election.

### MANDAMUS. BEFORE HARTWELL, J.

### JANUARY, 1870.

Demurrer is not a plea in bar; if overruled, judgment on the record is given.

Plea in abatement suggests defects in form and substance; if overruled, Defendant may answer over.

A Taxpayer, who had not paid taxes till after they were delinquent, held to be "qualified to vote;" and mandamus issued to compel Inspectors of Election to give him a certificate.

### DECISION OF HARTWELL, J.

The plaintiff took out a rule *nisi* for the defendants to show cause why they should not be compelled by writ of mandamus to insert his name on the list of persons qualified to vote, and to give him a tax receipt with the words "qualified to vote" written thereon.

The plaintiff's petition avers that he has all the legal qualifications of a voter, especially that he had paid his taxes December 31, 1869, and asked the said Luce, as tax collector, to give him a receipt with the words "qualified to vote" thereon written, and asked the said Montgomery, Luce and Castle, as Inspectors of Election, to insert his name on the voter's list, which they declined to do on the ground that he had not paid his taxes before the end of November.

The answer, neither admitting nor denying the facts, claims that the plaintiff's petition is insufficient in law to entitle him to the writ prayed for, on the ground that it sets forth no neglect by the defendants of any duty imposed upon them by law, and does show their full and faithful performance of the same, and that they should not be compelled to answer further. The defendant's counsel claimed that the answer was in the nature of a demurrer on which, if over-ruled, judgment would be given to answer over, and that he had the right to open and close. He was allowed to open and close, the Court looking upon the answer rather as a motion to dismiss.

PER CURIAM. A question of pleading arose which must be referred to. A demurrer is not a plea in bar, but attacks the plaintiff's right of action on the ground that he presents a case insufficient in law, and it is deemed to admit facts well pleaded; if overruled, judgment on the whole record is given.

A plea in abatement suggests defects in form or substance, not apparent in the record, as that the summons is signed by one not authorized to sign it, of which the plea offers verification, and prays that no further answer be required; on such a plea, if overruled, judgment is given to answer over. A motion to dismiss is for defects apparent on the record, as that the summons is not signed at all.

The answer declines to admit the facts, and claims that no further answer be required, but it presents solely the question of the insufficiency in law of the plaintiff's case, and it is to be treated as a demurrer.

The constitution provides that every male subject shall be entitled to vote, who, among other qualifications, "shall have paid his taxes," and "shall have caused his name to be entered on the list of voters of his district as may be provided by law."

An argument was made that any law requiring payment of taxes in November to entitle one to vote, makes a new qualification not required by the Constitution, and is therefore unconstitutional. If it were necessary to decide that point, I should not hesitate to say that it is not only the right, but the duty of the legislature to provide a reasonable and convenient mode of ascertaining who possess the constitutional qualifications of voters.

The statutes require assessors, by September 1st, to return to the Governor a list of tax-payers, which list the Governor is to deliver to the tax collector; "and said collector shall proceed immediately to collect according to the same; provided however, that it shall be his duty to add to said list any person not included thereon liable to assessment;" if after notice by the collector to pay his taxes, any person shall neglect to do so until the last day of November, the collector may levy execution for the taxes. By the last day of December the collector is to pay over all sums collected by him. Civil Code §§ 500, *et seq.* By the act of 1868, assessors register the names of all voters qualified according to the provisions of the Constitution, and the collector, using the list prepared by the assessor, and adding names "of all those who shall have paid in to him their taxes within the time prescribed by law, who may possess the requisite qualifications to vote, but who may have been omitted to be registered by the assessor," prepares and furnishes, on or before the last day of December, a full list of the Inspectors of Election. "For the purpose of elections, every tax-collector

shall be supplied by the Minister of Finance with a blank tax receipt * * which shall bear conspicuously upon it, in printed letters, the words 'qualified to vote,' and it shall be the duty of every tax-collector, upon receiving the payment of the taxes due from any person in other respects entitled to the franchise under the provisons of Section 2 of this Act, to fill out and deliver to every such person one of the tax receipts so impressed." (Sec. 10, Act 1868.) The Inspectors shall hold two sessions, the last not less than ten days before election, "for the purpose of receiving evidence of the qualifications of persons who may not have been previously registered by the assessor or collector, and who may claim a right to vote," as well as to correct, by erasing names improperly on said list.

If the Inspectors find any names to have been omitted from the collector's or assessor's lists of persons having the legal and requisite qualifications of voters, they are to require the collectors to deliver to such persons a tax receipt endorsed with the words "qualified to vote," and are to insert such names, with those upon the previous list, upon the Inspectors' list of voters.

Such in substance are the statute provisions. It will be seen that the duties of the assessor and collector are ministerial only, and those of the Inspectors are, to some extent, judicial in their nature, and not merely mechanical or ministerial. The collector thinks he could not give the petitioner the receipt desired, because his taxes were not paid by the end of November. But the law does not require this condition. Certainly, the Inspectors, in examining the evidence of claimant of the suffrage, are bound by no such restriction; they have a wider field of inquiry, no less and no more than the laws and Constitution afford. If they find in the laws and constitution nothing which requires them to place on their list of voters only those who have paid their taxes voluntarily by the end of November, they will not assume such payment to be a pre-requisite to voting. No such requirement upon them appears in the laws. The plaintiff appears to have paid his taxes December 31, before

any levy was made therefor, and I am of opinion that his delay has not caused him to lose the right to vote.

Let a writ issue as prayed for.

The defendant's counsel stated that although the facts were probably as charged, yet he desired to argue that he was entitled to judgment to "answer over," and that he should have so argued earlier, had he not understood from the Court that his answer would be treated as a motion to dismiss. The Court stated that the question would be open for argument whenever it should arise hereafter.

Exceptions and also an appeal were claimed, but the Court ruled that no exceptions were allowed by statute, and that appeals from the issuing of a process or writ were expressly prohibited by statute, but that the question could be brought to the full Court on writ of error at any time.

*A. F. Judd*, for plaintiff.

*S. H. Phillips*, for defendants.

Honolulu, January 22, 1870.